Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Alyssa Brown (SBN 301313)
abrown@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER TITTL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC. and LUXOTTICA OF AMERICA INC.,<br><br>Defendants. | Case No. 26-cv-1992<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Peter Tittl ("Plaintiff"), individually and on behalf of all others similarly situated ("Class Members"), by and through his undersigned counsel, brings this class action complaint against Defendants Meta Platforms, Inc. ("Meta") and Luxottica of America Inc. ("Luxottica" and, collectively with Meta, "Defendants").

## I.    **INTRODUCTION**

1.    Defendants developed, advertised, and sold "smart" glasses integrated with cameras and artificial intelligence software. Defendants advertise their Meta AI Glasses, sold under popular brands such as Ray-Ban and Oakley, as "designed for privacy, controlled by you" and "built for your privacy." However, Defendants fail to disclose to American consumers that footage from Meta AI Glasses is viewed and catalogued by overseas workers in a startling invasion of personal privacy.

2.    Users never give Defendants informed consent to track and store the camera footage on their Meta AI Glasses. Nevertheless, Defendants do just that, using the integrated AI cameras to access and exploit the recordings of users' private lives, including footage taken without their knowledge and consent from inside their homes and of their families.

3.    Defendants' deceptive and outrageous conduct violates its users' reasonable expectations of privacy. The intent and efforts of individuals to safeguard their private information and communications must be respected. The ramifications of unauthorized access to this private video footage can be severe, and individuals accordingly go to great lengths to safeguard the privacy of their homes, and, in the case of parents and guardians, also that of their minor children.

4.    While falsely characterizing their illusory privacy safeguards, Defendants deceptively and unconscionably deprived and continues to deprive Plaintiff and Class Members of their privacy rights in the footage captured by Meta AI Glasses. This is true not only for Plaintiff and Class Members, but also for their children, whose privacy they also sought to protect.

5.    Defendants' conduct violates the California Invasion of Privacy Act (Cal. Pen. Code §§ 630, et seq. ("CIPA")), the California Computer Data Access and Fraud Act (Cal. Pen. Code  § 502 ("CDAFA")), the Stored Communications Act (18 U.S.C. § 2701, et seq. ("SCA")), the California Consumers Legal Remedies Act (Cal. Civ. Code § 1750, et seq. ("CLRA")), the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq. ("UCL")), the California False Advertising

Law (Cal. Bus. & Prof. Code § 17500, et seq. ("FAL")), and California's Constitutional Right to Privacy, and it constitutes an unlawful intrusion upon seclusion, a breach of contract, and unjust enrichment.

## II.    **THE PARTIES**

6.    Plaintiff Peter Tittl is a California citizen who resides in Orange County, California. Plaintiff obtained Meta AI Glasses for personal use and relied on Defendants' advertisements that his privacy would be protected and that the footage recorded by the AI glasses would be protected and remain private. Plaintiff values his privacy—and the privacy of his family and friends—in the use of Meta AI Glasses and reasonably expected the footage recorded on them to remain private. Despite this reasonable expectation, Defendants surreptitiously recorded, viewed, and catalogued video footage from Plaintiff's Meta AI Glasses without his knowledge or consent to track Plaintiff's activities and private life. Throughout the relevant time period, Plaintiff used his Meta AI Glasses throughout the day, unaware that Defendants were tracking and monitoring the private footage captured. In the interest of protecting his privacy and security, Plaintiff does not recite here the precise activities that his Meta AI Glasses captured during the relevant time, but he does allege that the following could be determined from that footage: financial information, employment information, religious affiliations and activities, political affiliations and activities, medical care, the identities of his family, friends, and other contacts, social habits and activities, eating habits, shopping habits, and exercise habits.

7.    Defendant Meta Platforms, Inc. is a Delaware corporation with its principal place of business located in Menlo Park, California. On information and belief, Meta, in partnership with Luxottica, advertises, markets, and sells the Meta AI Glasses throughout the United States. Meta is a sophisticated applications developer in the business of commercializing personal data extracted from the use of tools and services connected to the internet. As such, Meta is aware of and benefits from the conduct described herein.

8.    Defendant Luxottica of America, Inc. is an Ohio corporation with its principal place of business located in Mason, Ohio. On information and belief, Luxottica, in partnership with Meta, advertises, markets, and sells the Meta AI Glasses throughout the United States. The conduct described herein was authorized, ratified, and/or approved by Luxottica and its agents, and the advertisements for

and promotion of Meta AI Glasses were disseminated throughout California and the nation by Luxottica and its agents to deceive and mislead consumers into purchasing the Meta AI Glasses.

## III.    JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367 because this is a class action in which the matter or controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in which some Members of the proposed Class are citizens of a state different from one or more Defendants.

10.    This Court has personal jurisdiction over Meta because Meta owns and operates a business that is headquartered in this District, and both Defendants conduct substantial business in this District and throughout California and expressly avail themselves of the laws of California.

11.    Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(1), as Meta is headquartered in this District and the conduct described herein giving rise to Plaintiff's and Class Members' claims arose and emanated from within this District.

## IV.    STATEMENT OF FACTS

12.    Defendants have and continue to advertise Meta AI Glasses as being rooted in privacy and control for the consumer over the video and audio footage the glasses capture. Defendants dedicate an entire website to the privacy features of Meta AI Glasses, including prominent slogans touting user control over their privacy, such as:

- "Designed for privacy, controlled by you";
- "You're in control of your data and content";
- "giving you control over what content you choose to share with others";
- "Privacy Settings that matter"; and
- "Built for your privacy and others' too"[1]

13.    Defendants prominently promote the privacy and control associated with user's experience with Meta AI Glasses, indicating "You're in control of your experience."[2]

---

[1] https://www.meta.com/ai-glasses/privacy/.

[2] https://www.meta.com/ai-glasses/oakley-meta/.

14.     However, despite these prominent advertising promises, Meta AI Glasses capture and store footage and certain AI features are required to remain "always on."[3]

15.     In addition to not being able to turn off certain tracking features despite Defendants' privacy promises, Defendants also are sharing data from Meta AI Glasses with third-party contractors, including private, sensitive video footage. In particular, it has been reported that employees of Sama, a Meta subcontractor, are fed this sensitive user data by Meta to track, view, and catalogue user activity. What has resulted are reports by those employees of highly sensitive and private video clips being viewed by them, including sexual activity, bathroom footage, and banking information.[4]

16.     The data—including sensitive video footage—captured by Meta AI Glasses and shared and viewed without user knowledge or informed consent is extremely valuable to Defendants, who utilize it to train and improve their AI models, and to profile their customers for targeted advertising.

17.     Although reports to date have focused on Meta's usage of this material to train and improve its AI, the footage enables no doubt bolsters Meta's massively lucrative advertising business by allowing Defendants to cross-reference and conduct unlimited analysis toward unmerited, improper, and monetizable insights into users' private lives, including their social, professional, and other relationships.

18.     The collection and use of users' private footage violates users' reasonable expectations of privacy, and also puts them at increased risk for further privacy violations. Data breaches and other security vulnerabilities are increasingly common among companies that store user data. As a major aggregator of valuable personally identifying and other information, Meta is an obvious target for hackers. Any information that Meta stores from the AI Glasses' recordings may eventually be stolen, if it has not already been.

---

[3] *Meta's Controversial Data Policy on Ray-Ban Smart Glasses Sparks Privacy Debate*, OPENTOOLS, May 1, 2025, https://opentools.ai/news/metas-controversial-data-policy-on-ray-ban-smart-glasses-sparks-privacy-debate#section0.

[4] *She Came Out of the Bathroom Naked, Employee Says*, SVENSKA DAGBLADET, Feb. 27, 2026, https://www.svd.se/a/K8nrV4/metas-ai-smart-glasses-and-data-privacy-concerns-workers-say-we-see-everything.

19.    Each of the following acts defy social norms and invade reasonable privacy expectations: tracking private video footage contrary to users' consent, misleading users regarding whether the AI Glasses' footage will remain private, and failing to disclose how AI was monitoring, tracking, and utilizing this private footage. Normally, mobile device and Internet users such as Plaintiff are able to affirmatively control the flow of sensitive information about themselves through "settings" and "permissions" that they grant, or withhold, from third parties, particularly private parties such as Defendants. Plaintiff's and Class Members' expectations that those settings and permissions would be heeded and effective, and that they could use Meta AI Glasses privately without being tracked by Defendants, are eminently reasonable.

20.    Plaintiff and Class Members took specific steps to protect their private lives (as well as the privacy of their minor children) and had a reasonable expectation that Defendants would not use AI to monitor and track their private lives through video without their informed consent. Based on Defendants' representations and omissions, context, and industry norms, they expected Defendants to heed and follow their instructions and, as a result, expected that their private video footage would be private, not tracked and utilized by Meta's AI tool for Defendants' own benefit and to the detriment of their personal privacy. Those reasonable expectations were consistent with sentiments that are widely shared in American society and elsewhere, and grounded in long-standing social norms and jurisprudence protecting privacy.

21.    Invasion of privacy has been recognized as a common law tort for more than a century. In Griswold v. Connecticut, 381 U.S. 479 (1965), the Supreme Court confirmed the primacy of privacy rights, explaining that the Constitution operates in the shadow of a "right of privacy older than the Bill of Rights." For its part, California amended its constitution in 1972 to specifically enumerate a right to privacy in its very first section. See Cal. Const. Art. I, § 1.

22.    Meta itself has long acknowledged the importance of user control over privacy settings, and indeed acknowledged as much in the privacy-focused advertising for the Meta AI Glasses.

23.    According to a poll by the Pew Research Center, 93% of adults believe that being in control of who can get information about them is important, and 90% believe that controlling what

information is collected about them is important.[5] Additionally, Americans say they do not approve of observation without consent: 88% say it is important that they not have someone watch or listen to them without their permission.[6]

24. Not only were Defendants' representations about privacy likely to deceive people, Defendants did in fact deceive the millions of people who use Meta AI Glasses. Ordinary users, including Plaintiff, reasonably expected that their video footage captured by Meta AI Glasses would not be tracked, viewed, and catalogued—not only by AI, but by actual human workers of Defendants overseas—unless they affirmatively consented to such tracking.

25. Defendants misrepresentations continue, despite public reporting. The result is that American consumers continue to be deceived by Defendants into purchasing Meta AI Glasses with the mistaken belief that they have control over the data Meta AI Glasses collect and that their privacy is being protected when they use Meta AI Glasses, when in fact their privacy is being violated and they do not have control over how Defendants use and share their sensitive data.

## V. CLASS ALLEGATIONS

26. Plaintiff brings this class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following class, which is referred to throughout this Complaint as the "Class":

> **All natural persons residing in the United States who purchased and used Meta AI Glasses from Defendants.**

27. Excluded from each Class are the following individuals: officers and directors of Defendants and their parents, subsidiaries, affiliates, any entity in which Defendants have a controlling interest, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

---

[5] Mary Madden and Lee Rainie, *Americans' Attitudes About Privacy, Security and Surveillance,* PEW RESEARCH CENTER (May 20, 2015), *available at* https://www.pewresearch.org/internet/2015/05/20/americans-attitudes-about-privacy-security-and-surveillance/.

[6] *Id.*

28.     Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

29.     This action readily satisfies the requirements set forth under Federal Rule of Civil Procedure 23:

a.     Each Class is so numerous that joinder of all Members is impracticable.  Upon information and belief, Class Members number in the thousands.

b.     There are questions of law or fact common to the Class. These questions include, but are not limited to, the following:

i.     Whether Defendants' acts and practices complained of herein amount to the use of "an electronic amplifying or recording device to eavesdrop upon or record" confidential communications in violation of CIPA;

ii.     Whether Defendants' acts and practices complained of herein amount to "tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems" in violation of CDAFA;

iii.     Whether Defendants' acts and practices complained of herein amount to "intentionally accesses without authorization a facility through which an electronic communication service is provided" in violation of the SCA;

iv.     Whether Defendants' acts and practices complained of herein amount to unlawful, unfair, and/or fraudulent practices in violation of the UCL;

v.     Whether Defendants' acts and practices complained of herein amount to false advertising in violation of the FAL;

vi.     Whether Defendants' acts and practices complained of herein amount to misleading conduct in violation of the CLRA;

vii.     Whether Defendants' acts and practices complained of herein amount to a breach of contract;

viii.     Whether Defendants' acts and practices complained of herein amount to egregious breaches of social norms;

CLASS ACTION COMPLAINT

ix.    Whether Defendants' acted intentionally in violating Plaintiff's and Class Members' privacy rights;

x.    Whether Defendants were unjustly enriched;

xi.    Whether an injunction should issue; and

xii.    Whether declaratory relief should be granted.

c.    Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class Members purchased and used Meta AI Glasses that they recorded video footage they thought was private and not being tracked, viewed, and catalogued by Defendants. Despite these efforts and contrary to Defendants' representations, Plaintiff and Class Members nonetheless had their private video footage tracked, viewed, and catalogued by Defendants. Plaintiff and Class Members did not consent to Defendants tracking of their private videos, which forms the basis for this suit.

d.    Moreover, like all Class Members, Plaintiff suffered a substantial risk of repeated injury in the future. Defendants have shown deliberate indifference to Plaintiff's and Class Members' desire to keep their video footage private, and has indeed taken pains to deceive and mislead Plaintiff (and all Class Members) and to conduct its business contrary to their privacy rights, and contrary to the plain meaning of its own terms of service in favor of surreptitiously and deceitfully monitoring their private communications. Defendants' deceptive and deliberate actions have thwarted and continue to threaten Plaintiff's (and Class Members') ability to exercise control over their own privacy while using Meta AI Glasses. Because the conduct complained of herein is systemic, Plaintiff and Class Members face substantial risk of the same injury in the future. Defendants' conduct is common to all Class Members and represents a common pattern of conduct resulting in injury to all Class Members. Plaintiff have suffered the harm alleged and have no interests antagonistic to any other Class member.

e.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class Members. Furthermore, Plaintiff has retained competent counsel experienced in class action litigation, consumer protection litigation, and electronic privacy litigation. Plaintiff's counsel will fairly and adequately protect and represent the interests of the Class. Federal Rule of Civil Procedure 23(a)(4) and 23(g) are satisfied.

f.    In acting as alleged above, and in failing and refusing to cease and desist despite being exposed, Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and corresponding declaratory relief each appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

g.    Injunctive relief is necessary to prevent further unlawful and unfair conduct by Defendants. Money damages, alone, could not afford adequate and complete relief, and injunctive relief is necessary to restrain Defendants from continuing to commit their illegal and unfair violations of privacy.

## VI.    CAUSES OF ACTION

### Count One
### (Violations of CIPA, Cal. Pen. Code §§ 630, et seq.)

30.    Plaintiff incorporates all preceding factual allegations as if fully set forth here.

31.    Cal. Pen. Code § 630 provides that "[t]he Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communication and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."

32.    Defendants' acts and practices complained of herein, engaged in for purposes of tracking, viewing, and cataloguing the private video footage of its users without their consent—and indeed in direct contravention of Defendants' own advertisements promising the privacy of that footage—violated and continues to violate Cal. Pen. Code § 632.

33.    Cal. Pen. Code § 632 prohibits the use of "an electronic amplifying or recording device to eavesdrop upon or record [a] confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device . . . ."

34.     In direct violation of this prohibition and without the consent of Plaintiff or Class Members, Defendants have been using AI technology to eavesdrop and record the confidential videos of Plaintiff and Class Members on Meta AI Glasses.

35.     Defendants accessed or caused to be accessed Plaintiff's and Class Members' private communications from California. On information and belief, Meta uses servers located in California that allow Defendants to access private communications of Plaintiff and Class Members. Meta's terms of service indicate that California law controls the use of its services.

36.     As a result of Defendants' violations of Cal. Pen. Code § 632, Plaintiff and Class Members are entitled to the following relief:

    a.     A declaration that Defendants' conduct violates CIPA;

    b.     Statutory damages and/or trebled actual damages;

    c.     Injunctive relief in the form of, inter alia, an order enjoining Defendants from continuing to access Class Members' private communications in violation of CIPA;

    d.     Injunctive relief in the form of, inter alia, an order requiring Defendants to destroy all data created or otherwise obtained from its illegal tracking of Class Members' private communications; and

    e.     An award of attorney's fees and costs of litigation as provided by CIPA, the private attorney general doctrine existing at common law and also codified at California Civil Code Section 1021.5, and all other applicable laws.

## Count Two
### (Intrusion Upon Seclusion)

37.     Plaintiff incorporates all preceding factual allegations as if fully set forth here.

38.     Plaintiff and Class Members have reasonable expectations of privacy in the video footage from their Meta AI Glasses. Plaintiff's and Class Members' private affairs include private communications and events captured in this footage.

39.     The reasonableness of such expectations of privacy is supported by Defendants' unique position to monitor Plaintiff's and Class Members' private communications and lives through its access

1  to Plaintiff's and Class Members' Meta AI Glasses footage. It is further supported by the surreptitious

2  nature of Defendants' tracking.

3      40.    Defendants intentionally intruded on and into Plaintiff's and Class Members' solitude,

4  seclusion, or private affairs by intentionally using AI video footage to track their private lives and

5  communications.

6      41.    These intrusions are highly offensive to a reasonable person. The video footage captured

7  on Meta AI Glasses are reasonably considered private. Moreover, Defendants engaged in AI and human

8  tracking deceptively and without the informed consent of Plaintiff and Class Members. Also supporting

9  the highly offensive nature of Defendants' conduct is the fact that surreptitiously tracked this footage

10  without informing or obtaining the consent of Plaintiff and Class Members while simultaneously

11  advertising Meta AI Glasses as being "designed for privacy, controlled by you."

12      42.    Plaintiff and Class Members were harmed by the intrusion into their private affairs as

13  detailed throughout this Complaint.

14      43.    Defendants' actions and conduct complained of herein were a substantial factor in

15  causing the harm suffered by Plaintiff and Class Members.

16      44.    As a result of Defendants' actions, Plaintiff and Class Members seek damages and

17  punitive damages in an amount to be determined at trial. Plaintiff and Class Members seek punitive

18  damages because Defendants' actions—which were malicious, oppressive, and willful—were

19  calculated to injure Plaintiff and Class Members and made in conscious disregard of Plaintiff's and

20  Class Members' privacy rights. Punitive damages are warranted to deter Defendants from engaging in

21  future misconduct.

22                          **Count Three**
23      **(California Constitutional Right to Privacy, Cal. Const. Art. I, § 1)**

24      45.    Plaintiff incorporates all preceding factual allegations as if fully set forth here.

25      46.    Plaintiff and Class Members have reasonable expectations of privacy in the video

26  footage captured by their Meta AI Glasses. Plaintiff's and Class Members' private affairs include

27  communications contained in these accounts.

28

CLASS ACTION COMPLAINT

47. Defendants intentionally intruded on and into Plaintiff's and Class Members' solitude, seclusion, right of privacy, or private affairs by intentionally tracking the video footage.

48. These intrusions are highly offensive to a reasonable person. The video footage captured on Meta AI Glasses are reasonably considered private. Moreover, Defendants engaged in AI and human tracking deceptively and without the informed consent of Plaintiff and Class Members. Also supporting the highly offensive nature of Defendants' conduct is the fact that surreptitiously tracked this footage without informing or obtaining the consent of Plaintiff and Class Members while simultaneously advertising Meta AI Glasses as being "designed for privacy, controlled by you."

49. Plaintiff and Class Members were harmed by the intrusion into their private affairs as detailed throughout this Complaint.

50. Defendants' actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff and Class Members.

51. As a result of Defendants' actions, Plaintiff and Class Members seek damages and punitive damages in an amount to be determined at trial. Plaintiff and Class Members seek punitive damages because Defendants' actions—which were malicious, oppressive, and willful—were calculated to injure Plaintiff and Class Members and made in conscious disregard of Plaintiff's and Class Members' privacy rights. Punitive damages are warranted to deter Defendants from engaging in future misconduct.

**Count Four**
**(Violations of CDAFA, Cal. Pen. Code § 502)**

52. Plaintiff incorporates all preceding factual allegations as if fully set forth here.

53. The California legislature enacted CDAFA with the intent of "expand[ing] the degree of protection afforded to individuals . . . from tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems." Cal. Penal Code §502(a). The enactment of CDAFA was motivated by the finding that "the proliferation of computer technology has resulted in a concomitant proliferation of . . . unauthorized access to computers, computer systems, and computer data." *Id*.

54. Plaintiff's and Class Members' Meta AI Glasses constitute "computers" within the scope of CDAFA.

55. Defendants violated the following sections of CDAFA:

a. Section 502(c)(1), which makes it unlawful to "knowingly access[] and without permission . . . use[] any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data;"

b. Section 502(c)(2), which makes it unlawful to "knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network;" and

c. Section 502(c)(7), which makes it unlawful to "knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network."

56. Defendants knowingly accessed Plaintiff's and Class Members' video footage captured by Meta AI Glasses without their permission by surreptitiously tracking, viewing, and cataloguing data, communications, and personal information concerning Plaintiff and Class Members.

57. Defendants used data, communications, and personal information that it intercepted and took from Plaintiff's and Class Members' Meta AI Glasses to wrongfully and unjustly enrich themselves at the expense of Plaintiff and Class Members.

58. Defendants took, copied, intercepted, and made use of data, communications, and personal information from Plaintiff's and Class Members' Meta AI Glasses.

59. Defendants knowingly and without Plaintiff's and Class Members' permission accessed or caused to be accessed their video footage captured by Meta AI Glasses by surreptitiously intercepting and/or taking data, communications, and personal information concerning Plaintiff and Class Members.

60. Defendants accessed or caused to be accessed Plaintiff's and Class Members' data, communications, and personal information from California. On information and belief, Meta uses servers located in California that allow Defendants to access and process the data, communications and

CLASS ACTION COMPLAINT

personal information concerning Plaintiff and Class Members. Meta's terms of service indicate that California law controls the use of its services.

61.     Defendants were unjustly enriched by intercepting, acquiring, taking, or using Plaintiff's and Class Members' data, communications, and personal information without their permission, and using it for Defendants' own financial benefit. Defendants have been unjustly enriched in an amount to be determined at trial.

62.     As a direct and proximate result of Defendants' violations of CDAFA, Plaintiff and Class Members suffered damages.

63.     Pursuant to CDAFA Section 502(e)(1), Plaintiff and Class Members seek compensatory, injunctive, and equitable relief in an amount to be determined at trial.

64.     Pursuant to CDAFA Section 502(e)(2), Plaintiff and Class Members seek an award of reasonable attorney's fees and costs.

65.     Pursuant to CDAFA Section 502(e)(4), Plaintiff and Class Members seek punitive or exemplary damages for Defendants' willful violations of CDAFA.

**Count Five**
**(Violations of the SCA, 18 U.S.C. § 2701, et seq.)**

66.     Plaintiff incorporates all preceding factual allegations as if fully set forth here.

67.     The SCA provides a cause of action against any person who "intentionally accesses without authorization a facility through which an electronic communication service is provided," or any person "who intentionally exceeds an authorization to access that facility; and thereby obtains, alters or prevents authorized access to a wire or electronic communication while it is in electronic storage in such a system." 18 U.S.C. § 2701(a).

68.     The SCA defines "electronic storage" as "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof;" and "any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17).

69.    The SCA defines an "electronic communications service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).

70.    Defendants intentionally accessed without authorization or intentionally exceeded authorization to access facilities through which an electronic communications services was provided when it used its AI technology to access Plaintiff's and Class Members' video footage captured on their Meta AI Glasses for purposes of tracking their private communications.

71.    The Meta AI Glasses utilized by Plaintiff and Class Members provide electronic communications services to Plaintiff and Class Members because they "provide to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).

72.    The Meta AI Glasses which the Plaintiff and Class Members use provide electronic communication services to Plaintiff and Class Members because they "provide to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).

73.    Neither the Plaintiff and Class Members nor the third parties with whom they communicated with using Meta AI Glasses authorized the extent of Defendants' access to Plaintiff's and Class Members' computing devices and Defendants' services therein.

74.    Plaintiff's and Class Members' Meta AI Glasses—and the computing devices, applications, and/or web browsers through which they accessed any footage captured—also are facilities under the SCA because they comprise the software necessary for and "through which (the) electronic communications service is provided."

75.    Defendants intentionally accessed Plaintiff's and Class Members' Meta AI Glasses video footage without authorization when Defendants tracked, viewed, and catalogued the footage without obtaining the consent of the Plaintiff and Class Members.

76.    Upon information and belief, Defendants' acquisition of electronic communications from Plaintiff and Class Members included private communications Plaintiff and Class Members had with third parties that are not affiliated with Defendants.

CLASS ACTION COMPLAINT

77.   Plaintiff and Class Members were harmed by Defendants' violations and, pursuant to 18 U.S.C. § 2707(c), are entitled to statutory damages or actual damages, including profits earned by Defendants attributable to the violations, punitive damages, costs, and reasonable attorney's fees.

**Count Six**
**(Violations of the CLRA, Cal. Civ. Code § 1750, et seq.)**

78.   Plaintiff incorporates all preceding factual allegations as if fully set forth here.

79.   Plaintiff and Class Members are consumers who purchased Meta AI Glasses from Defendants for personal, family or household purposes.

80.   Plaintiff and the Class are "consumers" as that term is defined by the California Consumers Legal Remedies Act (the "CLRA") in Cal. Civ. Code § 1761(d).

81.   Defendants' Meta AI Glasses are "goods" within the meaning of Cal. Civ. Code § 1761(a).

82.   Defendants' actions, representations, and conduct are covered by the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers. Defendants sold Meta AI Glasses to Plaintiff and Class Members.

83.   Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendants violated and continue to violate CLRA Section 1770(a)(5) because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular characteristics, benefits and quantities of their Meta AI Glasses.

84.   Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. By engaging in the conduct set forth herein, Defendants violated and continues to violate CLRA Section 1770(a)(7) because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular standard, quality or grade of their Meta AI Glasses.

85.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(9), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants advertise their Meta AI Glasses with the intent not to sell them as advertised.

86.    Cal. Civ. Code § 1770(a)(16) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." By engaging in the conduct set forth herein, Defendants violated and continue to violate CLRA Section 1770(a)(16), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresents that their Meta AI Glasses have been supplied in accordance with their previous representations when they have not.

87.    Plaintiff and Class Members acted reasonably when they purchased Meta AI Glasses from Defendants on the belief that Defendants' representations were true and lawful. Plaintiff and Class Members suffered injuries caused by Defendants because (a) they would not have purchased Meta AI Glasses absent Defendants' representations that they would be in control of the privacy of their video footage; (b) they paid a price premium for the Meta AI Glasses they purchased from Defendants based on Defendants' misrepresentations; and (c) Defendants' Meta AI Glasses did not have the characteristics, benefits, or quantities as promised.

88.    At this time, Plaintiff only seeks injunctive relief under this cause of action. In accordance with Cal. Civ. Code § 1780(a), Defendants have been provided notice in satisfaction of California Civil Code § 1782(a), and, if Defendants fail to take corrective action within the required notice period, Plaintiff will amend this cause of action to assert all claims for relief available under this cause of action, including claims for actual, punitive, and statutory damages, as appropriate.

**Count Seven**
**(Violations of the UCL, Cal. Bus. & Prof. Code § 17200, et seq.)**

89.    Plaintiff incorporates all preceding factual allegations as if fully set forth here.

90.    Cal. Bus. & Prof Code § 17200, et seq. (the "UCL") prohibits acts of "unfair competition," including any unlawful, fraudulent, or unfair business acts or practices.

91.     Under the "unlawful" prong of the UCL, a violation of another law is treated as unfair competition and is independently actionable.

92.     Defendants committed unlawful practices because they violated, inter alia, CIPA, CDAFA, SCA, FAL, and CLRA. Defendant's conduct as alleged herein is both unfair and deceptive.

93.     Plaintiff reserves the right to allege other violations of law which constitute other unlawful business acts or practices as Defendants' conduct is ongoing and continues to this date.

94.     Under the "unfair" prong of the UCL, a business practice is unfair if that practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

95.     Defendants committed unfair acts and practices by, inter alia, invading Plaintiff's and Class Members' privacy while falsely advertising that their privacy would be protected.

96.     Defendants' acts and practices are unfair because the gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive or reason, particularly considering that Defendants violated privacy while simultaneously advertising how it would protect privacy. Defendants' acts and practices are also immoral, unethical, unscrupulous, and offend established public policy and are substantially injurious to Plaintiff and Class Members.

97.     Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and Class Members to believe that their privacy would be protected when recording video footage on Meta AI Glasses.

98.     Plaintiff and Class Members acted reasonably when they purchased Meta AI Glasses from Defendant son the belief that their privacy rights would not be violated.

99.     As a result of Defendants' unlawful, unfair, and fraudulent business practices, Plaintiff and Class Members have suffered an injury in fact and have lost money in an amount to be determined at the trial of this action.

100.    Plaintiff and Class Members are entitled to an order pursuant to Cal. Bus. & Prof Code § 17203, enjoining Defendants' unlawful and unfair conduct, and such other orders and judgments necessary to disgorge Defendants' ill-gotten gains and to restore to Plaintiff and Class Members any amounts assessed and/or paid as a result of Defendants' wrongful conduct.

**Count Eight**
**(Violations of the FAL, Cal. Bus. & Prof. Code § 17500, et seq.)**

101.    Plaintiff incorporates all preceding factual allegations as if fully set forth here.

102.    California's False Advertising Law (the "FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq., makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

103.    Defendants advertised and promoted Meta AI Glasses by promising consumers that they would be in control of the video footage recorded by the glasses and their privacy would be protected. Defendants' advertisements and inducements were made in and originated from California and fall within the definition of advertising as contained in the FAL in that they were intended to induce consumers to purchase Meta AI Glasses. Defendants knew that those statements were false and misleading when they made them and surreptitiously tracked, viewed, and catalogued Plaintiff's and Class Members' footage.

104.    Defendants' advertising that it would protect user's privacy was false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact violated user's privacy by tracking, viewing, and cataloguing video footage from their Meta AI Glasses.

105.    Defendants knew or should have known, through the exercise of reasonable care, that their statements about Meta AI Glasses were false and misleading.

106.    Plaintiff and Class Members lost money or property as a result of Defendants' FAL violations because (a) they would not have purchased Meta AI Glasses absent Defendants' representations that they would be in control of the privacy of their video footage; (b) they would not have purchased Meta AI Glasses on the same terms absent Defendants' misrepresentations; (c) they paid a price premium for tickets based on Defendants' misrepresentations; and/or (d) Defendants' Meta AI Glasses did not have the characteristics, benefits, or quantities as promised.

## Count Nine
### (Breach of Contract)

107.    Plaintiff incorporates all preceding factual allegations as if fully set forth here.

108.    By representing through its prominently advertised statements for Meta AI Glasses that they were "designed for privacy" and that "You're in control of your experience," Defendants formed a contract with Plaintiff and Class Members at the time they purchased Meta AI Glasses from Defendants. Plaintiff and Class Members viewed and relied upon these privacy-related advertisements, such that they were material to their decision to purchase Meta AI Glasses from Defendants.

109.    Plaintiff and Class Members fully performed their obligations under this contract by paying the purchase price for Meta AI Glasses.

110.    Defendants knew that their privacy-related advertisements were material to Plaintiff's and Class Members' agreement to purchase Meta AI Glasses from Defendants.

111.    Defendants breached their contracts with Plaintiff and Class Members by failing to honor the terms of their privacy-related advertisements, as they surreptitiously tracked, viewed, and catalogued Plaintiff's and Class Members' video footage from their Meta AI Glasses.

112.    As the foreseeable and actual result of Defendants' breach of contract, Plaintiff and Class Members were damaged in an amount to be proven at trial.

## Count Ten
### (Unjust Enrichment)

113.    Plaintiff incorporates all preceding factual allegations as if fully set forth here.

114.    As a result of their unjust conduct, Defendants have been unjustly enriched.

115.    By reason of Defendants' wrongful conduct, Defendants have benefited from receipt of improper funds, and under principles of equity and good conscience, Defendants should not be permitted to keep this money.

116.    As a result of Defendants' conduct, it would be unjust and/or inequitable for Defendants to retain the benefits of their conduct without restitution to Plaintiff and Class Members. Accordingly, Defendants must account to Plaintiff and Class Members for their unjust enrichment.

## VII.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that judgment be entered against Defendants and that the Court grant the following:

A.    An order determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff is a proper class representative, that Plaintiff's attorneys shall be appointed as Class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and that Class notice be promptly issued;

B.    Judgment against Defendants for Plaintiff's and Class Members' asserted causes of action;

C.    Appropriate declaratory relief against Defendants;

D.    Injunctive relief in the form of, *inter alia*, an order enjoining Defendants from continuing their practice of accessing, using, and/or storing Plaintiff's and Class Members' private communications without their knowledge or consent in violation of CIPA, CDAFA, and/or SCA;

E.    Injunctive relief in the form of, *inter alia*, an order enjoining Defendants from continuing their practice of tracking, recording, and using Plaintiff's and Class Members' private communications;

F.    An order awarding Plaintiff and the Class Members damages, special damages, general damages, and restitution;

G.    An order requiring Defendants to pay punitive damages and exemplary damages;

H.    An order requiring Defendants to pay pre-judgment and post-judgment interest;

I.    Reasonable attorney's fees and costs reasonably incurred; and

J.    Any and all other and further relief to which Plaintiff and the Class may be entitled.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## VIII.    <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: March 8, 2026                    Respectfully submitted,

*/s/ Tina Wolfson*
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Alyssa D. Brown (SBN 301313)
abrown@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone:  310.474.9111
Facsimile:   310.474.8585

Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone:  917.336.0171
Facsimile:   917.336.0177

*Counsel for Plaintiff and the Proposed Class*